IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CV NO. 2:03cv351-T |
| | ) | WO |
| TIMOTHY A. SNEED | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION AND PROCEDURAL HISTORY

This matter is before the court on a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence of Timothy A. Sneed ["Sneed"].

On 5 December 2001, a jury found Sneed guilty of manufacturing and possessing with the intent to distribute over one hundred marijuana plants, in violation of 21 U.S.C. § 841(a)(1).[1]  On 29 April 2002, the trial court sentenced Sneed to 60 months' imprisonment, the statutory minimum under 21 U.S.C. § 841(b)(1)(B).  Sneed did not appeal.

On 1 April 2003, Sneed filed this § 2255 motion in which he presents several substantive claims as well as allegations of ineffective assistance of counsel.  The government answered Sneed's motion, asserting that he is entitled to no relief because his claims are either procedurally barred or without merit.  Sneed was afforded an opportunity to respond to the government's answer, but has failed to do so.  After careful consideration of Sneed's § 2255 motion, the government's answer, and the record in this case, the court

---

[1]Under a second count of the indictment, Sneed was charged with possessing and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  The jury found Sneed not guilty as to that count.

concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), ***Rules Governing Section 2255 Proceedings in the United States District Courts***, the motion should be denied.

## II.  FACTS

The government's evidence established that on 18 May 2000, agents with the marijuana eradication unit of the Alabama Bureau of Investigation ("ABI") observed several marijuana plants growing in and around Sneed's yard while conducting aerial surveillance from a helicopter in a rural area of Elmore County, Alabama.  *See, e.g., T.T. (Trial Transcript) - Volume I* at R. 103-04.

Realizing that the drug agents had discovered his marijuana-growing activities, Sneed ran into his yard and began pulling rooted plants from the ground and carried them along with several potted marijuana plants to the back of his pick-up truck.  *Id*. at R. 104-09; *Volume II* at R. 135-36.  Sneed then drove away from his residence through a wooded area, where he stopped at various points and threw the plants from his truck.  *T.T. -Volume I* at R. 104-09.  He then returned to his residence and brought out more marijuana plants and carried them into the surrounding wooded area.  *Id*. at R. 104 & R. 111.  Within minutes, members of the marijuana eradication unit's ground team arrived at Sneed's residence and placed him under arrest.  *Id*.

The government presented evidence indicating that approximately 131 marijuana plants were found growing in Sneed's yard or in the wooded area around his residence and

2

that approximately 50 live marijuana plants were found in the basement of his residence. *T.T. - Volume I* at R. 125-26; *Volume II* at R. 107-08.  In the search of Sneed's residence, drug agents discovered assorted heat lamps and numerous other items for use in a marijuana-growing operation.  *See, e.g., T.T. - Volume I* at R. 164-68.  At the time of Sneed's arrest, agents found a loaded .45 caliber semiautomatic handgun on the front seat of his truck.  *Id.* at R. 163.  The search of Sneed's residence also resulted in the location of several other firearms.  *Id.* at R. 155-56; *Volume II* at R. 55-62.

The defense strategy at trial was to present a "modified medical marijuana" defense in an attempt to mitigate Sneed's blameworthiness by arguing that he grew marijuana for personal use only and that he used the drug to obtain relief from the severe pain he suffered as a result of an injury he had received while in the Marines.  *See, e.g., T.T. - Volume II* at R. 155-60 & R. 185.  Sneed also maintained that the scope of his marijuana-growing activities was much smaller than what the prosecution contended.  At trial, he testified that he had, at most, a total of 86 marijuana plants in his possession, growing both inside and outside his residence.  *Id.* at R. 175-76.

The jury was presented with a special verdict form and specifically found that Sneed was responsible for 120 marijuana plants.  That number was sufficient to exceed the 100-plant threshold necessary to trigger the 60-month mandatory minimum sentence set forth in 21 U.S.C. § 841(b)(1)(B).

# III. DISCUSSION

### A.    *Substantive Claims*

Sneed presents the following substantive claims in his § 2255 motion:

1.    The search of his home and property was unconstitutional because (a) the marijuana plants that law enforcement officials allegedly saw while conducting aerial surveillance of his property were not in plain view; (b) his written consent to the search of his home was obtained by coercive tactics; and (c) a second, separate search of his home was conducted after the original search was completed. *See § 2255 Motion* (Doc. 1) at reverse sides of 6 & 7.

2.    The prosecution failed to present physical evidence of all the marijuana plants at trial. *See § 2255 Motion* (Doc. 1) at 5.

3.    The prosecution failed to provide proof linking him to marijuana plants not found on his property. *See §2255 Motion* (Doc. 1) at reverse side of 6.

4.    He was not "given a chance" for a sentence reduction based on the safety valve provision of the Sentencing Guidelines. *See §2255 Motion* (Doc. 1) at 6.

Because Sneed did not file an appeal, none of his substantive claims were raised on direct appeal. Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred in a § 2255 proceeding. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). A defendant can avoid this procedural bar only by showing both cause for the failure to raise the claim on direct appeal and actual prejudice arising from that failure. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Mills*, 36 F.3d at 1055.

4

1.      **Defaulted Claim:  Unconstitutionality of Search of Home
        and Property**

Sneed makes no attempt to demonstrate cause for failing to raise a claim on direct

appeal challenging the constitutionality of the search of his home and property (substantive

claim 1, listed above).  Thus, this claim is procedurally defaulted.  *See **Frady***, 456 U.S. at

167-68; ***Mills***, 36 F.3d at 1055.  Notwithstanding the procedural default, this court could still

reach the merits of the claim if Sneed established that "a constitutional violation has probably

resulted in the conviction of one who is actually innocent."  ***Murray v. Carrier***, 477 U.S.

478, 496 (1986).

Sneed does not assert that he is actually innocent of the crime for which he was

convicted or that the "actual innocence" exception to the cause and prejudice requirement

applies to this claim.  Consequently, this court will not review Sneed's defaulted claim that

the search of his home and property was unconstitutional.[2]


2.      **Remaining Claims**

Although he does not specifically argue in terms of "cause," Sneed does present

claims of ineffective assistance of counsel premised on his trial counsel's failure to raise the

remaining substantive claims asserted in his motion (substantive claims 2 through 4, listed

above).  It is well settled that ineffective assistance of counsel can constitute cause excusing

---

[2]The court notes that Sneed's motion contains only conclusory allegations
regarding the search of his home and property and that the facts reflected in the  record
that are pertinent to this issue do not support Sneed's claim.

a procedural default so that a petitioner may obtain review of an otherwise defaulted claim. *See Murray v. Carrier*, 477 U.S. at 488; *Greene, supra*, 880 F.2d at 1305 (11th Cir. 1989). Accordingly, this court will review Sneed's allegations that his trial counsel rendered ineffective assistance with regard to the matters asserted in substantive claims 2 through 4 listed above.

In addition, Sneed asserts an independent claim that his counsel was ineffective for failing to file an appeal on his behalf. That claim is also reviewed below in this court's discussion of Sneed's allegations of ineffective assistance of counsel.

**B.     *Ineffective Assistance of Counsel***

**1.     Standard of Review**

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. To prevail on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test articulated by the United States Supreme Court in ***Strickland v. Washington***, 466 U.S. 668 (1984). The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

There is a strong presumption that counsel's performance was reasonable and adequate, and great deference is shown to choices dictated by reasonable trial strategy.

6

*Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see Strickland*, 466 U.S. at 689. Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel, based on facts "as they were known to counsel *at the time of the representation*." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992) (emphasis in original); *see Strickland*, 466 U.S. at 689-90.

The prejudice component of the *Strickland* test focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *See Strickland*, 466 U.S. at 687. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Unless a movant satisfies both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, a court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one." *Id*. at 697. *See, e.g., Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

### 2.      Counsel's Failure to File an Appeal

Sneed contends that his counsel, Stephen R. Glassroth,[3] was ineffective for failing to

---

[3]Glassroth was retained by Sneed and represented him at trial and through sentencing.

file an appeal on his behalf.  *See § 2255 Motion* (Doc. 1) at 5.  According to Sneed, he asked Glassroth to file an appeal, but Glassroth failed to do so and instead informed him that because he had he not been paid in full for his services, Sneed would have to get a court-appointed attorney to handle his appeal.  *Id*.  Sneed maintains that Glassroth then "refused to accept my phone calls" and that another attorney was never appointed to handle his appeal. *Id*.

Pursuant to the orders of this court, Glassroth filed an affidavit in which he addressed, among other things, Sneed's allegation that he failed to file an appeal even though requested to do so by Sneed.  *See Affidavit of Stephen R. Glassroth* (Doc. 6).  In his affidavit, Glassroth avers, in pertinent part:

> Following sentencing, I met with Mr. Sneed and shared with him my view that there were no issues to appeal, however, if he desired to appeal that I would pursue an appeal on his behalf, even if it meant writing an *Anders*-type brief.  Mr. Sneed did not wish to appeal and told me that he was prepared to accept his punishment.   He was quite pleased that he had avoided an additional five year, consecutive sentence by being acquitted of the § 924(c) count.

> Money was never an issue with me in my representation of Mr. Sneed.  I always had viewed representing Mr. Sneed as an honor and because I was intrigued by the reasons for his engaging in the conduct in which he had engaged; i.e., the growing of marijuana for his personal, medicinal use.  In fact, Mr. Sneed paid my firm the grand total of $ 1,950.00 and my firm expended $ 789.93 in costs related to the representation of Mr. Sneed.  At no time did I ever fail or refuse to do anything for Mr. Sneed because of financial considerations.  Mr. Sneed did not wish to pursue the appeal when I conferred with him following sentencing at the Montgomery City Jail.

***Affidavit of Stephen R. Glassroth*** (Doc. 6) at 2-3.

Glassroth's affidavit was attached as an exhibit to the government's answer to Sneed's § 2255 motion.  *See Government's Answer to § 2255 Motion* (Doc. 7).  In its answer, the government refers to Glassroth's statements in his affidavit and argues that Sneed is entitled to no relief based on this claim because he "made an informed and knowing decision not to file an appeal."  *Id.* at 5.  In orders entered by this court on June 4, 2003 (Doc. 8), and August 18, 2005 (Doc. 9), Sneed was afforded an opportunity to respond to the government's answer; however, Sneed failed to file any response.

Weighing the bare allegations contained in Sneed's § 2255 motion against the sworn statements of Glassroth in his affidavit, and particularly considering such matters in light of Sneed's failure to respond to Glassroth's sworn statements indicating that Sneed did not wish to pursue an appeal and that, contrary to Sneed's assertion, he did not fail to file an appeal on Sneed's behalf because of financial considerations, the court finds that Sneed has not established that Glassroth's failure to file an appeal fell below an objective standard of reasonableness.  *See **Strickland**, supra*, 466 U.S. at 687-89.  Consequently, the court concludes that Sneed's claim of ineffective assistance of counsel in this regard is meritless and that he is entitled to no relief based on this claim.

### 3.   Counsel's Failure to Require the Prosecution to Present Physical Evidence of Marijuana Plants at Trial

Sneed contends that his counsel was ineffective for failing to require the prosecution

to present physical evidence of all the marijuana plants at trial. *See § 2255 Motion* (Doc. 1) at 5.

Notwithstanding Sneed's contention, the government was not required to introduce all of the actual marijuana plants into evidence. *See **United States v. Easley***, 70 F.3d 65, 67-68 (8th Cir. 1995) (finding sufficient evidence to support defendant's conviction for manufacturing over 2,000 marijuana plants even though the great majority of plants were destroyed, without testing, prior to trial). Furthermore, Sneed presents no evidence suggesting that the results of his trial might have been different had the government been required to introduce every one of the actual plants at trial.

The government presented testimony from, among others, ABI agent Robert Saffold, who testified that he personally counted 131 live marijuana plants growing in Sneed's yard or in the wooded area around his residence. Testimony was also presented indicating that approximately 50 marijuana plants were discovered in a search of the basement of Sneed's residence. Drug agents videotaped the plants found inside and outside of Sneed's residence, and the videotape was played at trial. *See T.T. - Volume I* at R. 153-70; *Volume II* at R. 6-54. Sneed himself admitted at trial to having approximately 86 marijuana plants in his possession.

Because of the prevailing law and the peculiar circumstances of this case, the court cannot conclude that Sneed's counsel acted unreasonably in failing to require the prosecution to present physical evidence of all the actual marijuana plants at trial or that Sneed was prejudiced by counsel's performance in this regard. *See **Strickland**, **supra***, 466 U.S. at

10

687-89. Consequently, the court concludes that this claim of ineffective assistance of counsel is also meritless and that Sneed is entitled to no relief based on this claim.

### 4. Counsel's Failure to Challenge the Prosecution's Failure to Link Sneed to Marijuana Plants Not Found on His Property

Sneed contends that his counsel was ineffective for failing to challenge the prosecution's failure to provide proof linking him to marijuana plants allegedly not found on his property. *See § 2255 Motion* (Doc. 1) at 5 & reverse side of 6.

Although this claim is conclusory, Sneed appears to suggest that a number of the marijuana plants attributed to him were found in a wooded area near his residence on private property belonging to someone else and accessible to many people other than himself. Sneed failed to cite record authority indicating that any of the marijuana plants found near his residence might be the product of some other person's cultivation.

Furthermore, his attempt to suggest as much in his motion appears somewhat disingenuous in light of his admission to conducting a marijuana-growing operation and to having a large number of marijuana plants in his possession. For those reasons, the court cannot conclude that Sneed's counsel acted unreasonably in failing to challenge the prosecution's failure to provide proof linking Sneed to the plants allegedly not found on his property or that Sneed was prejudiced by counsel's performance. *See **Strickland, supra**,* 466 U.S. at 687-89. Consequently, the court concludes that Sneed is not entitled this claim of ineffective assistance of counsel is without merit and that Sneed is entitled to no relief based

on this claim.

5.     **Counsel's Failure to Request a Sentence Reduction Based on the "Safety Valve" Provision**

Sneed contends that his counsel was ineffective for failing to request a sentence reduction based on the "safety valve" provision of the Sentencing Guidelines.  *See § 2255 Motion* (Doc. 1) at 5 & 7.

The safety valve provision found in U.S.S.G. § 5C1.2 permits a court to sentence less culpable defendants within the applicable guidelines range and without regard to statutory mandatory minimum sentences, if certain criteria are met.  In order to be eligible for the safety valve, a defendant must satisfy the five criteria listed in U.S.S.G. § 5C1.2.[4]  *See **United States v. Cruz***, 106 F.3d 1553, 1556-57 (11th Cir. 1997).  Sneed maintains, in conclusory fashion, that he satisfied all the criteria under this section and thus was entitled to be sentenced without regard to the 60-month mandatory minimum.  Accordingly, he asserts that his counsel was ineffective for failing to request application of the safety valve to his

---

[4]Section 5C1.2 states that "the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence," if the defendant meets the following criteria:  (1) has not more than one criminal history point; (2) did not use violence, threats of violence, or possess a firearm or other dangerous weapon in connection with the offense; (3) the offense did not result in death or serious bodily injury to anyone; (4) the defendant was not a leader or supervisor; and (5) the defendant truthfully provided all information and evidence to the government relevant to the offense or offenses that were part of the same course of conduct or of a common scheme or plan.  *See* U.S.S.G. § 5C1.2(a)(1) - (5).  Likewise, 18 U.S.C. § 3553(f) directs the court to apply the Sentencing Guidelines without regard to the statutory minimum if the same five criteria are met.

sentence.

U.S.S.G. § 5C1.2(a)(5), which lists one of the five criteria for safety valve eligibility,

requires that a defendant "truthfully provide[ ] to the Government all information and

evidence [he] ha[d] concerning the offense or offenses that were part of the same course of

conduct."  In his affidavit addressing Sneed's allegations of ineffective assistance, Sneed's

trial counsel states, in pertinent part:

> With respect to Mr. Sneed's claim concerning "safety-valve" eligibility, I do not believe that it was an option.  In order to qualify for eligibility under U.S.S.G. § 5C1.2, an individual must disclose truthfully all information and evidence that he has concerning the offense of offenses that were part of the same course of conduct . *See* U.S.S.G. § 5C1.2(a)(5).  I discussed this issue with Mr. Sneed prior to sentencing and Mr. Sneed informed me that he had disclosed all of his involvement in the course of his trial testimony and had no further information to supply.

***Affidavit of Stephen R. Glassroth*** (Doc. 6) at 3-4.

Sneed testified at trial and maintained that the scope of his marijuana-growing

activities was much narrower than the scope described by the government.  There is no

indication in the Presentence Investigation Report ("PSI") that Sneed ever came forward and

truthfully supplied the government with a full accounting of his conduct.  Upon review of the

record, and in light of Sneed's conclusory allegations, the court finds that Sneed has failed

to establish that he truthfully provided the government with all the information that he

possessed about his involvement in the offense or in offenses that were part of the same

course of conduct.  *See* U.S.S.G. § 5C1.2(a)(5).

Furthermore, U.S.S.G. § 5C1.2(a)(2) requires that the defendant "did not ... possess a firearm or other dangerous weapon ... in connection with the offense" in order to be eligible for application of the safety valve. Although the jury acquitted Sneed of the charge of possessing and using a firearm during and in relation to a drug trafficking crime, as proscribed by 18 U.S.C. § 924(c)(1), the government presented evidence at trial indicating that ABI agents found a loaded handgun on the front seat of the truck that Sneed used when he attempted to discard marijuana plants after he realized that his marijuana-growing operation had been discovered. Thus, Sneed was unable to demonstrate that he met the safety valve eligibility requirement under § 5C1.2(a)(2).

For those reasons, there is no evidentiary premise for a finding that Sneed's counsel acted unreasonably in failing to request application of the safety valve or that Sneed was prejudiced by counsel's performance. *See Strickland, supra*, 466 U.S. at 687-89. Consequently, the court concludes that this claim of ineffective assistance of counsel is without merit and that Sneed is not entitled to relief on this claim.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Sneed's motion filed pursuant to 28 U.S.C. § 2255 be denied, because his claims are meritless.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before 23 September 2005**. A party must specifically identify the findings in the

14

Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See* *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982).  *See also* *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

       **Done this 9th day of September, 2005**.


                            /s/ Vanzetta Penn McPherson
                            VANZETTA PENN MCPHERSON
                            UNITED STATES MAGISTRATE JUDGE